867 F.2d 608
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond R. LATHAM, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services; Dorcas R. Hardy, Commissioner, Social
Security Administration, et al.,
Defendants- Appellees.
 No. 88-3966.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1988.
Decided: Jan. 13, 1989.
 
 Raymond R. Latham, appellant pro se.
 Claire S. Hoffman (U.S. Department of Health & Human Services), for appellees.
 Before DONALD RUSSELL, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond Latham, a Maryland inmate, brought this action challenging the termination of his retirement benefits pursuant to 42 U.S.C. Sec. 402(x). Latham contended that Sec. 402(x) was unconstitutional for a variety of reasons. The district court held that Sec. 402(x) was not unconstitutional and dismissed the action. Upon reviewing the record, we conclude that Latham has not yet exhausted his administrative remedies and that, accordingly, the district court lacked jurisdiction to decide the action.
 
 
 2
 Under 42 U.S.C. Sec. 405(g) and (h), an individual must exhaust his administrative remedies before he may challenge the action of the Social Security Administration (SSA) in federal court. Weinberger v. Salfi, 422 U.S. 749 (1975). An individual is considered to have exhausted his remedies when he has received a "final decision of the Secretary made after a hearing." Giacone v. Schweiker, 656 F.2d 1238, 1242 (7th Cir.1981). A "final decision of the Secretary" is defined as a decision rendered by the Appeals Council which either reviews or denies review of a determination made by an administrative law judge (ALJ). 20 C.F.R. Secs. 404.940, 404.951.
 
 
 3
 The regulations provide for an expedited appeals process which allows a claimant who is challenging the constitutionality of a Social Security law to bypass a hearing before the ALJ and proceed directly to the district court. 20 C.F.R. Sec. 404.924. In order to pursue this course, after receiving a reconsideration determination, the individual must submit a written request for an expedited appeal. The SSA must then agree that "the only factor preventing a favorable determination or decision is a provision in the law that you believe is unconstitutional." 20 C.F.R. Sec. 404.924(d).
 
 
 4
 In this case, Latham has not exhausted his administrative remedies. Though he has received a reconsideration determination, he has not had a hearing before the ALJ nor has his claim been reviewed by the Appeals Council. Nor does it appear that Latham has been granted permission by the SSA to take an expedited appeal which would render further exhaustion unnecessary. Though the record is unclear if Latham ever actually applied for an expedited appeal; it is clear that, if such a request was made, the SSA had not approved it, as required by Sec. 404.924(d), at the time the district court decided the case. Accordingly, the district court lacked jurisdiction under 42 U.S.C. Sec. 405(g) and (h) because the Secretary had not yet rendered a final decision.
 
 
 5
 Pursuant to 28 U.S.C. Sec. 2106, we therefore modify the judgment of the district court to reflect a dismissal for lack of jurisdiction. We dispense with oral argument because the dispositive issues recently have been decided authoritatively. Latham's motion for appointment of counsel and petition for reinstatement of Social Security old age benefits are denied.
 
 
 6
 AFFIRMED AS MODIFIED.